SEYFARTH SHAW LLP
Justin M. Curley (SBN 233287)
jcurley@seyfarth.com
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
C&W FACILITY SERVICES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RUIZ QUEZADA, an individual, on behalf of himself and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>C&W FACILITY SERVICES INC., a Massachusetts Corporation; and DOES 1 TO 50, inclusive,<br><br>          Defendants. | Case No. _____<br><br>(Removed from Santa Clara County Superior Court Case No. 20CV373449)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[*Filed concurrently with Declaration of Carolyn Goodrich, Declaration of Ryan McCoy, Civil Case Cover Sheet, Certification of Interested Persons or Entities, and Corporate Disclosure Statement*]<br><br>Action Filed:  November 20, 2020 |

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2        **PLEASE TAKE NOTICE** that that Defendant C&W FACILITY SERVICES, INC. ("C&W

3    Services" or "Defendant") hereby removes the above-captioned action from the Superior Court of the

4    State of California, County of Santa Clara, to the United States District Court for the Northern

5    District of California, asserting original jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action

6    Fairness Act of 2005 ("CAFA")) and 28 U.S.C. § 1331, and removal jurisdiction under 28 U.S.C.

7    §§1441(a), 1446, and 1453. C&W Services states that removal is proper for the following reasons:

8    **I.    PLEADINGS, PROCESSES, AND OTHERS**

9        1.    On November 20, 2020, Plaintiff JORGE RUIZ QUEZADA ("Plaintiff") filed a

10   Class Action Complaint ("Complaint" or "Compl.") in the Superior Court of California, County of

11   Santa Clara, entitled *Jorge Ruiz Quezada, an individual, on behalf of himself and on behalf of all*

12   *others similarly situated v. C&W Facility Services Inc., a Massachusetts Corporation*, Case No.

13   20CV373449. True and correct copies of the Complaint, and related process, pleadings, and orders

14   served on C&W Services are attached hereto as **Exhibit A**. The Complaint purports to allege nine

15   claims for relief, including: (1) failure to pay all minimum wages; (2) failure to pay all overtime

16   wages; (3) failure to provide rest periods and pay missed rest period premiums; (4) failure to provide

17   meal periods and pay missed meal period premiums; (5) failure to pay wages timely during

18   employment; (6) failure to pay all wages earned and unpaid at separation; (7) failure to indemnify all

19   necessary business expenditures; (8) failure to furnish accurate itemized wage statements; and (9)

20   violations of California's Unfair Competition Law. (Ex. A, Complaint.) The Complaint seeks to

21   certify a class of "all individuals who are or who were employed as non-exempt employees by

22   Defendants in California from four years prior to the filing of his complaint through the date of trial"

23   (*i.e.*, November 20, 2016). (*Id.* at ¶11.)

24       2.    **Exhibit A** constitutes all pleadings, process, and orders served on C&W Services in this

25   action to date.

26   **II.    TIMELINESS OF REMOVAL**

27       3.    Plaintiff served the Complaint on C&W Services on December 1, 2020. (Declaration of

28   Carolyn Goodrich ("Goodrich Decl."), ¶ 3.) This Notice of Removal is thus timely filed. *See* 28

1

U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (removal period begins when defendant is formally served).

### III.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

4.     This action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. 28 U.S.C. §§ 1332(d)(2)(A) (the "Class Action Fairness Act" or "CAFA"), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453.  This is a: (i) class action; (ii) in which at least one member of the class of plaintiffs is a citizen of a state different from that of at least one defendant; (iii) the number of members of the class of plaintiffs is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

#### A.    Covered Class Action

5.     A case satisfied CAFA's class action requirement if it is "filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorization an action to be brought by one or more representative persons as a class action."  28 U.S.C. §§ 1332(d)(1)(B).  The present action satisfies this definition, as the Complaint alleges "[t]his is a class action complaint brought…on behalf all [*sic*] individuals who were employed by Defendants in California…"  (Complaint, ¶1).

#### B.    Diversity

6.     CAFA's minimal diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant.  That requirement is met here.  The citizenship of a corporation for purposes of determining diversity jurisdiction is based on the place of incorporation and the principal place of business.  28 U.S.C. § 1332(c).  The caption of Plaintiff's Complaint identifies C&W Services as a "Massachusetts corporation."  More specifically, C&W Services is, and was during all relevant time periods, a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Commonwealth of Massachusetts.  (Goodrich Decl., ¶ 4.)  Accordingly, C&W Services is not a citizen of the State of California for diversity purposes.  See 28 U.S.C. § 1332(c).

7.    Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001).  The Complaint alleges that the named Plaintiff "was and currently is a citizen of California residing in the State of California.  (Ex. A, Compl. ¶ 10).  Accordingly, C&W Services is informed and believes that the named Plaintiff is a citizen of California.  *See State Farm Mutual Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("place of residence is prima facie the domicile").

8.    Thus, for the purposes of CAFA's minimal diversity requirement, at least one member of the class of plaintiffs (*i.e.*, the named Plaintiff) is a citizen of a state (California) different from that of at least one defendant (C&W Services, the only named defendant, is a citizen of Massachusetts).

**C.    The Proposed Class Greatly Exceeds 100 Members**

9.    Plaintiff defines a class of "all individuals who are or who were employed as non-exempt employees by Defendants in California from four years prior to the filing of his complaint through the date of trial" (*i.e.*, November 20, 2016).  (*Id.* at ¶11.)  During the four-year period preceding the filing of the Complaint, at least 1,949 individuals worked as hourly paid, non-exempt employees for C&W Services in California. (Goodrich Decl., ¶ 7.)

**D.    Amount In Controversy**

10.    CAFA requires the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2) & (6).  Removal is proper if it is demonstrated "by a preponderance of evidence, that the aggregate amount in controversy exceeds" $5,000,000.  Rodriguez v. AT&T Mobility Servs. LLC, 728 F. 3d 975, 981 (9th Cir. 2013).  The amount in controversy is determined by accepting Plaintiff's allegations as true.  *See e.g., Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the plaintiff's complaint." (quotation omitted)); *Cain v. Harford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint").

11.    While Plaintiff has not specifically alleged his particular damages calculus, reasonable estimates of the alleged amount in controversy, derived from Plaintiff's allegations, are appropriate here

and surpass the amount in controversy threshold without difficulty here.  As an initial matter, in assessing estimates such as those contained herein, Courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint.  *See e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate"); *Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%).

12.    Moreover, a plaintiff cannot evade federal jurisdiction by alleging that he amount in controversy falls below the jurisdictional minimum.  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F. 3d 975, 978-82 (9th Cir. 2013).

13.    While C&W Services denies Plaintiff's claim to entitlement to any of the relief sought in the Complaint, the relief the Complaint seeks through compensatory damages, liquidated damages, statutory penalties, restitution, and attorneys' fees, when considered with the corresponding evidence submitted with this notice of removal, easily exceeds CAFA's threshold $5,000,000 amount-in-controversy requirement.

### 1.    The Overtime Claim Alone Places Over $1,224,000 In Controversy

14.    Plaintiff's second cause of action seeks overtime wages. (Ex. A, Compl., ¶¶ 29-32.) With respect to her individual and class claims for unpaid overtime wages, Plaintiff alleges that "Defendants violated their duty to accurately and completely compensate the Class Members for all overtime worked in excess of eight hours in a workday or 40 hours in a week," and "failed to compensate the Class Members at one and one-half times their regular rate of pay for all hours work more than eight hours in one workday and forty hours in a workweek, as required by law."  (*Id*. at ¶ 31.)  As to this claim, Plaintiff seeks to certify a class covering the last four years.  (*Id*. at ¶ 3.)  C&W Services' hourly, non-exempt employees employed in California from November 20, 2016 to the present all earned at least $10/hour (the applicable minimum wage paid to these employees in 2016) and most, including Plaintiff,

DEFENDANT'S NOTICE OF REMOVAL

earned a considerably higher hourly wage.  (Goodrich Decl., ¶ 7.)  Further, the approximate total number of workweeks worked by these same hourly, nonexempt employees in California between from November 3, 2016 to the present was at least 40,800 workweeks. (Id., ¶ 7.)

15.     Accordingly, although C&W Services denies that Plaintiff (or any other non-exempt employee) was not compensated properly for all hours worked, even assuming conservatively—despite Plaintiff's allegations that she worked unpaid overtime every workday (Compl., ¶ 13)—that putative class members were to have worked just one hour of unpaid overtime even two workdays a week, or two hours of overtime per workweek worked, even at an overtime rate of $15 per hour (1.5 times the lowest applicable minimum wage from 2016 , which was $10/hour), overtime damages would come to at least $1,224,000 (2 hours/week x $15/hour x 40,800 workweeks).  Thus, based on Plaintiff's allegations, the total amount in controversy for Plaintiff's overtime claim, alone, is no less than $1,224,000.

### 2.     Meal Period And Rest Break Claims Place Over $816,000 In Controversy On Their Own

16.     Plaintiff's third and fourth causes of action are for failure to provide meal periods and authorize and permit rest breaks. (Ex. A, Compl., ¶¶ 33-47.)  With respect to her meal period claim, Plaintiff alleges that "the Class Members were denied legally-compliant and timely off-duty meal periods of at least thirty (30) minutes due to Defendants' unlawful meal period policy/practices."  (*Id*. at ¶ 44.)  Similarly, with respect to her rest period claim, Plaintiff alleges "Class Members were not provided with legally-compliant and timely rest periods of at least ten (10) minutes for each four (4) hours work period, or major fraction thereof, due to Defendants' unlawful rest period policies/practices." (*Id*. at ¶ 36.)

17.     Assuming (conservatively in line with Plaintiff's allegations) that each putative class member was shown to have somehow not been provided just one compliant meal period per workweek worked, the putative class meal period damages from November 20, 2016 to the present, are valued at least at $408,000 ($10/hour x 1 violation/week x 40,800 workweeks).  (Goodrich Decl., ¶ 7.)  Likewise, assuming (again, conservatively based on Plaintiff's allegations) that each putative class member missed one compliant rest period per workweek worked, the putative class rest period damages from November 3, 2016 to the present, are valued at least at $408,000 ($10/hour x 1 violation/week x 184,572

workweeks).  (*Id.*)  Thus, a conservative estimated valuation of the amount in controversy for Plaintiff's meal and rest break class claims is approximately $816,000.

### 3. Waiting Time Claim Alleges At Least $2,449,440 In Controversy On Its Own

18.    Plaintiff's sixth cause of action is for waiting time penalties due to untimely wages at separation under California Labor Code section 203.  (Ex. A., Complaint, ¶¶ 51-52.)  Plaintiff alleges that due to C&W Services' "faulty pay policies, those former Class Members whose employment with Defendants concluded were not compensated for each and every hour worked at the appropriate rate," and thus Defendants have "failed to pay former Class Members whose sums were certain at the time of termination…"  (*Id.* at ¶52.)

19.    Specifically, under California Labor Code section 203, Plaintiff seeks 30 full days' pay per putative class member discharged since November 20, 2017.  (Id.)

20.    Between November 3, 2017 and the present, a subset of at least 972 of the putative class members were discharged from their employment with C&W Services (i.e., there are at least 972 former employees subject Plaintiff's putative waiting time class claim under California Labor Code sections 201-203).  (Goodrich Decl., ¶ 8.)  The lowest applicable hourly rate for these individuals, the applicable California minimum wage in 2017, is $10.50/hour, and many including Plaintiff, earned considerably more than that.  (*Id.*)  Accordingly, although Defendant disputes liability, a reasonable conservative estimate of the amount in controversy for Section 203 penalties for these 972 individuals is $2,449,440 ($10.50/hour x 8 hours/day x 30 days x 972 former employees).

### 4. Inaccurate Wage Statement Claim Alleges At Least $1,008,000 In Controversy On Its Own

21.    Plaintiff's eighth cause of action is for alleged failure to provide accurate itemized wage statements under California Labor Code section 226(a) and for the greater of actual damages or associated penalties pursuant to California Labor Code section 226(e).  (Ex. A, Compl., ¶¶ 57-59.)  Plaintiff alleges that C&W Services, "knowingly and intentionally failed to provide the Class Members with accurate itemized wage statements in violation of Labor Code section 226, subdivision (e)." (Ex. A, Compl., ¶¶ 69-70.)  Specifically, under California Labor Code section 226(e)(1), "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with

6

subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." The limitations period runs back one year from the date of filing through the present, thus Plaintiff seeks to recover penalties for all pay periods worked by putative class members from November 20, 2019 through the present. (Ex. A, Compl., ¶¶ 58-59, Prayer ¶ 36.)

22.    As discussed, this claim allows recovery up to $4,000 per putative class member (assuming the individual worked 41 pay periods during the statutory period: $50 penalty for the first pay period and $100 for each of the subsequent 40).

23.    Here, looking only to currently employed putative class members, C&W Services employs at least 960 hourly employees in California who have worked over 10,600 pay periods in the year preceding the filing of the complaint. (Goodrich Decl., ¶ 8). At $50 per pay period, which would assume that each inaccuracy were an initial violation, the penalty exposure on the 10,600 pay periods would be $530,000 (which would clear the $5 million amount in controversy threshold for CAFA when combined with the overtime, meal period, rest break, and waiting time claims). However, according to Plaintiff's allegations, most of the pay periods would constitute subsequent wage statement violations and be subject to the $100 per pay period penalty. On average, each of the 960 currently employed putative class members would represent 11 pay period penalties (10,600 pay periods ÷ 960 employees = 11.04). That represents $1,050 in penalties for each of the 960 current employees. ($100 x 10 pay periods + one $50 initial pay period penalty). As such, although Defendant disputes liability, a reasonable conservative estimate of the amount in controversy for Section 226 penalties for these 960 individuals alone is $1,008,000 ($1,050 penalties x 960 current employees).

### 5.    The Amount In Controversy Is Met Before Attorneys' Fees And Other Claims Assessed

24.    As set forth above, the $5,000,000 amount in controversy threshold for CAFA has been met by way of assessing just four of Plaintiff's eight claims through as conservative as possible:

$1,224,000 overtime + 816,000 meal/rest + 2,449,440 waiting time + 1,008,000 wage statement = $5,497,440.27.

25.    But it should be noted that the Complaint also seeks an award of attorneys' fees.  (Ex. A, Compl., ¶¶ 79, 83, 86, 107, 112, 118, Prayer for Relief, ¶¶ 14.)  Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal.  *Longmire v. HMS Host U.S., Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA"); *citing Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002); *Muniz*, 2007 WL 1302504, at *4 (attorneys' fees appropriately included in determining amount in controversy).

26.    In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See Campbell v. VitranExp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *27-29 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable).

27.    Thus, even under the conservative benchmark of 25% of the total recovery, claimed attorneys' fees based on the amounts in controversy established above would exceed $5,000,000 in exposure on their own (notwithstanding C&W Services' dispute of Plaintiff's entitlement to any attorneys' fees).  The amount in controversy threshold for CAFA is determined by aggregating claims. Therefore, the amount Plaintiff has placed in controversy easily exceeds and thus satisfies CAFA's $5,000,000 threshold requirement.

28.    Note also that these calculations do not include an estimated recovery for Plaintiff's remaining putative class claims, including claims for minimum wages and unreimbursed business

expenses. Plaintiff also asserts a derivative disgorgement claim under California Business and Professions Code sections 17200, et. seq.

29.     Since Plaintiff and C&W Services are citizens of different states, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, removal is proper.

## IV.    VENUE

30.     Venue lies in this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(a).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

## V.    NOTICE OF REMOVAL

31.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

32.     This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

## VI.    PRAYER FOR REMOVAL

WHEREFORE, C&W Services prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara to the United States District Court for the Northern District of California.

DATED: December 31, 2020                    SEYFARTH SHAW LLP


                                            By:  */s/ Ryan McCoy*
                                                Justin T. Curley
                                                Ryan McCoy

                                            Attorneys for Defendant
                                            C&W FACILITY SERVICES, INC.

67392062v.1

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/01/2020
CT Log Number 538677588

**TO:** Monica Garcia, Legal Analyst, Global
Cushman & Wakefield
225 W. WACKER DR. STE. #3000
CHICAGO, IL 60606

**RE:** **Process Served in California**

**FOR:** C&W Facility Services Inc. (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JORGE RUIZ QUEZADA, an individual, on behalf of himself and on behalf of all others similarly situated, PLTF. vs. C&W FACILITY SERVICES INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV373449 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/01/2020 at 02:18 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/02/2020, Expected Purge Date: 12/07/2020<br><br>Image SOP<br><br>Email Notification, Tina Kordeck tina.kordeck@cushwake.com<br><br>Email Notification, Pamela Kain pamela.kain@cushwake.com<br><br>Email Notification, Neetu Sehgal neetu.sehgal@cwservices.com<br><br>Email Notification, Ryan Lawrence ryan.lawrence@cushwake.com<br><br>Email Notification, Britt Woodbury britt.woodbury@cushwake.com<br><br>Email Notification, Monica Garcia monica.garcia@cushwake.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Page 1 of 1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Dec 1, 2020

**Server Name:**          Douglas Forrest

| Entity Served | C&W FACILITY SERVICES INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20CV373449 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
C&W FACILITY SERVICEES INC., a Massachusetts Corporation; and
DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JORGE RUIZ QUEZADA, an individual, on behalf of himself and on
behalf of all others similarly situated,

E-FILED
11/20/2020 1:22 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV373449
Reviewed By: R. Walker
Envelope: 5339000

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Santa Clara County Superior Court | 20CV373449 |

191 N First Street
Downtown Court (DTS)
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Melmed, 1801 Century Park East, Suite 850, Los Angeles, CA 90067; (310) 824-3828; (310) 862-6851

| DATE: November 20, 2020 | Clerk, by | R. Walker | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* C&W Facility Services Inc a Massachusetts Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

E-FILED
11/20/2020 1:22 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV373449
Reviewed By: R. Walker

**MELMED LAW GROUP P.C.**
Jonathan Melmed, CA Bar No. 290218
jm@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

*Attorneys for Plaintiff and the Putative Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

JORGE RUIZ QUEZADA, an individual, on behalf of himself and on behalf of all others similarly situated,

    Plaintiff,

    v.

C&W FACILITY SERVICES INC., a Massachusetts Corporation; and DOES 1 TO 50, inclusive,

    Defendants.

Case No. **20CV373449**

**CLASS ACTION COMPLAINT FOR:**

1.   Failure to Pay All Minimum Wages,

2.   Failure to Pay All Overtime Wages,

3.   Failure to Provide Rest Periods and Pay Missed Rest Period Premiums,

4.   Failure to Provide Meal Periods and Pay Missed Meal Period Premiums,

5.   Failure to Pay Wages Timely during Employment,

6.   Failure to Pay All Wages Earned and Unpaid at Separation,

7.   Failure to Indemnify All Necessary Business Expenditures,

8.   Failure to Furnish Accurate Itemized Wage Statements, and

9.   Violations of California's Unfair Competition Law (Bus. & Prof. Code, § 17200, et seq.)

**DEMAND FOR JURY TRIAL**

1

1    Plaintiff Jorge Ruiz Quezada ("Plaintiff"), on behalf himself and all other similarly

2   situated-situated employees within the State of California (hereafter "Class Members," as defined

3   below), complains and alleges of defendant C&W Facility Services Inc. and Does 1 to 50

4   (collectively, "Defendants"), and each of them, as follows:

5   **I.    INTRODUCTION**

6       1.    This is a class action complaint brought pursuant to California Code of Civil

7   Procedure section 382 on behalf all individuals who were employed by Defendants in California

8   during the applicable limitations period, as defined below, to the present (Code Civ. Proc., § 382).

9       2.    Plaintiff brings this action on behalf of himself and all others similarly situated, as

10  a class action, against Defendants for:

11          A.    Failure to pay all minimum wages,

12          B.    Failure to pay all overtime wages,

13          C.    Failure to provide rest periods and pay missed rest period premiums,

14          D.    Failure to provide meal periods and pay missed meal period premiums,

15          E.    Failure to pay wages timely during employment,

16          F.    Failure to pay all wages earned and unpaid at separation,

17          G.    Failure to indemnify all necessary business expenditures,

18          H.    Failure to furnish accurate itemized wage statements,

19          I.    Violations of California's Unfair Competition Law ("UCL") (Bus. & Prof.

20      Code, § 17200, et seq.).

21      3.    The "Class Period" is designated as the period from four years prior to the filing of

22  this action through the trial date.

23      4.    Defendants' violations of California's wage and hour laws and unfair competition

24  laws as described more fully below have been ongoing throughout the Class Period and are still

25  ongoing.

26      5.    Plaintiff is informed and believes and thereon alleges that the California Industrial

27  Welfare Commission ("IWC") Wage Order applicable to the facts of this case is IWC Wage Orders

28  5-2001 (the "Applicable Wage Order") and possibly others that may be applicable (Cal. Code of

1  Regs., tit. 8, § 11050). Plaintiff reserves the right to amend or modify the definition of "Applicable

2  Wage Order" with greater specificity or add additional IWC Wage Orders if additional applicable

3  wage orders are discovered during the course of litigation.

4  **II.    JURISDICTION & VENUE**

5        6.    This Court has subject matter jurisdiction over any and all causes of action asserted

6  herein pursuant to article VI, section 10, of the California Constitution and Code of Civil Procedure

7  section 410.10 by virtue of the fact that this is a civil action in which the matter in controversy,

8  exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the

9  laws of the State of California or is subject to adjudication in the courts of the State of California.

10        7.    This court has personal jurisdiction over Defendants because Defendants have

11  caused injuries in the County of Santa Clara and the State of California through their acts, and by

12  their violation of the California Labor Code and California state common law. Defendants transact

13  millions of dollars of business within the State of California. Defendants own, maintain offices,

14  transact business, have an agent or agents within the County of Santa Clara, and/or otherwise are

15  found within the County of Santa Clara, and Defendants are within the jurisdiction of this Court

16  for purposes of service of process.

17        8.    Venue as to Defendants is proper in this judicial district, pursuant to section 395 of

18  the Code of Civil Procedure. Defendants operate within California and do business within Santa

19  Clara County, California. The unlawful acts alleged herein have a direct effect on Plaintiff and all

20  of Defendants' employees within Santa Clara County and surrounding counties where they may

21  remotely operate.

22        9.    This matter is not appropriate for removal under the Class Action Fairness Act (28

23  U.S.C. § 1332) as the amount in controversy for Plaintiff's, and the Class Members' claims, in

24  aggregate, is less than $5,000,000.00. Additionally, all the allegations herein occurred in the State

25  of California. As such, if the amount in controversy does exceed $5,000,000.00 this matter would

26  still not be appropriate for removal under the "local controversy" exception to the Class Action

27  Fairness Act (28 U.S.C. § 1332, subd. (d)(4)(A)).

28

1    **III.    THE PARTIES**

2        **A.    PLAINTIFF**

3        10.    At all relevant times, Plaintiff, who is over the age of 18, was and currently is a

4    citizen of California residing in the State of California. Defendants employed Plaintiff as a non-

5    exempt hourly employee in the County of Santa Clara.

6        11.    Plaintiff brings this action on behalf of himself and the following class pursuant to

7    section 382 of the Code of Civil Procedure as follows: *all individuals who are or were employed*

8    *as non-exempt employees by Defendants in California from four years prior to the filing of this*

9    *complaint through the date of trial* (the "Class" or the "Class Members").

10       12.    The Class Members, at all times pertinent hereto, are or were employees of

11   Defendants during the Class Period.

12       **B.    DEFENDANTS**

13       13.    Plaintiff is informed and believes and thereon alleges that Defendants were

14   authorized to and doing business in Santa Clara County and is and/or was the legal employer of

15   Plaintiff and the other Class Members during the applicable statutory periods. Plaintiff and the

16   other Class Members were, and are, subject to Defendants' policies and/or practices complained

17   of herein and has been deprived of the rights guaranteed to him by California Labor Code sections

18   201, 202, 203, 204, 210, 212, 225.5, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197,

19   1197.1, 1198, 1199, 2802, and 2084, amongst others, and California Business and Professions

20   Code section 17200, et seq. ("UCL"), and the Applicable Wage Order (Cal. Code of Regs., tit. 8,

21   § 11050).

22       14.    Plaintiff is informed and believes, and based thereon alleges, that during the four

23   years preceding the filing of this complaint and continuing to the present, Defendants did (and

24   continue to do) business in the State of California, County of Santa Clara.

25       15.    Plaintiff does not know the true names or capacities, whether individual, partner,

26   or corporate, of the defendants sued herein as Does 1 to 50, inclusive, and for that reason, said

27   Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to

28   amend this Complaint when such true names and capacities are discovered. Plaintiff is informed,

4

1    and believes, and thereon alleges, that each of said fictitious defendants, whether individual,

2    partners, or corporate, were responsible in some manner for the acts and omissions alleged herein,

3    and proximately caused Plaintiff and the Class to be subject to the unlawful employment practices,

4    wrongs, injuries and damages complained of herein.

5        16.    Plaintiff is informed, and believes, and thereon allege, that at all times mentioned

6    herein, Defendants were and are the employers of Plaintiff and the other Class Members. At all

7    times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter

8    alleged to have been done by the named Defendants; and furthermore, the Defendants, and each

9    of them, were the agents, servants, and employees of each and every one of the other Defendants,

10   as well as the agents of all Defendants, and at all times herein mentioned were acting within the

11   course and scope of said agency and employment. Defendants, and each of them, approved of,

12   condoned, and/or otherwise ratified each and every one of the acts or omissions complained of

13   herein.

14       17.    At all relevant times, Defendants, and each of them, were members of and engaged

15   in a joint venture, partnership, and common enterprise, and acting within the course and scope of

16   and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff

17   alleges that all Defendants were joint employers for all purposes of Plaintiff and the other Class

18   Members.

19   **IV.    COMMON FACTS & ALLEGATIONS**

20       18.    Plaintiff and the other Class Members (collectively, the "Class Members") are, and

21   were at all relevant times, employed by the Defendants within the State of California.

22       19.    The Class Members are, and were at all relevant times, non-exempt employees for

23   the purposes of overtime, rest breaks, meal periods, and the other claims alleged in this complaint.

24       20.    Specifically, Plaintiff was employed by Defendants within the statutory Class

25   Period, working as an hourly, non-exempt janitor for Defendants. Plaintiff's duties included

26   general janitorial services for an office building.

27

28

## A.    MINIMUM WAGE VIOLATIONS

21.    Labor Code section 1197 requires employees to be paid at least the minimum wage fixed by the Commission, and any payment of less than the minimum wage is unlawful. Similarly, Labor Code section 1194 entitles "any employee receiving less than the legal minimum wage . . . to recover in a civil action the unpaid balance of the full amount of this minimum wage." Likewise, the Applicable Wage Order also obligate employers to pay each employee minimum wages for all hours worked. (Cal. Code of Regs., tit. 8, § 11050, subd. 4).

22.    These minimum wage standards apply to each hour that employees work. Therefore, an employer's failure to pay for any particular time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324).

23.    At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law.    The Class Members were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and the Applicable Wage Order. Among other violations, the Class Members worked off-the-clock and did not receive minimum wage for each hour worked.

24.    Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit. Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

25.    When employees, such as the Class Members, are not paid for all hours worked under Labor Code section 1194, they are entitled to recover minimum wages for the time which they received no compensation. (See *Sillah v. Command International Security Services* (N.D. Cal. 2015) 154 F.Supp.3d 891 [employees suing for failure to pay overtime could recover liquidated damages under Labor Code section 1194.2 if they also showed they were paid less than minimum wage]).

26.     Labor Code section 1197.1, subdivision (a), authorizes employees who are paid less than the minimum wage fixed by an applicable state or local law, or by an order of the commission a civil penalty, among other damages, as follows:

(1)     "For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid."

(2)     "For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed."

27.     As set forth above, Defendants failed to compensate the Class Members for all minimum wages. Accordingly, the Class Members are entitled to recover liquidated damages for violations of Labor Code section 1197.1.

28.     Based upon these same factual allegations, the Class Members are likewise entitled to penalties under Labor Code sections 1199.

**B.     OVERTIME VIOLATIONS**

29.     Labor Code section 510 requires an employer to compensate an employee who works more than eight hours in one workday, forty hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a)). Further, Labor Code section 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. (Lab. Code, § 510, subd. (a)). These rules are also reflected in the Applicable Wage Order. (Cal. Code of Regs., tit. 8, § 11050, subd. 3).

30.     In accordance with Labor Code section 1194 and the Applicable Wage Order, Plaintiff and the Class Members could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code sections 510 and 1194 or the Applicable Wage Order.

7

1     31.    Here, Defendants violated their duty to accurately and completely compensate the

2  Class Members for all overtime worked in excess of eight hours in a workday or 40 hours in a

3  week.  Specifically, Defendants failed to compensate the Class Members at one and one-half times

4  their regular rate of pay for all hours worked more than eight hours in one workday and forty hours

5  in a workweek, as required by law.  (Lab. Code, § 510, subd. (a); Cal. Code of Regs., tit. 8, §

6  11050, subd. 3).

7     32.    These actions were and are in clear violation of California's overtime laws as set

8  forth in Labor Code sections 510, 1194, and the Applicable Wage Order (Cal. Code of Regs., tit.

9  8, § 11050, subd. 3).  As a result of Defendants' faulty policies and practices, the Class Members

10  were not compensated for all hours worked or paid accurate overtime compensation.

11     **C.    REST BREAK VIOLATIONS**

12     33.    Pursuant to Labor Code section 226.7 and the Applicable Wage Order, Defendants

13  were required to provide the Class Members with compensated, duty-free rest periods of not less

14  than ten (10) minutes for every major fraction of four hours worked.  Under the applicable IWC

15  Wage Orders, an employer must authorize and permit all employees to take ten (10) minute duty

16  free rest periods for every major fraction of four hours worked.  (Cal. Code of Regs., tit. 8, § 11050,

17  subd. 12).

18     34.    Likewise, Labor Code section 226.7 provides that "[a]n employer shall not require

19  an employee to work during a meal or rest or recovery period mandated pursuant to an applicable

20  statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . ."

21  (Lab. Code, § 226.7, subd. (b)).  Labor Code section 226.7 also provides that employers must pay

22  their employees one additional hour of pay at the employee's regular rate for each workday that a

23  "meal or rest or recovery period is not provided." (Lab. Code, § 226.7, subd. (c)).  Thus, the Wage

24  Orders set when and for how long the rest period must take place and the Labor Code establishes

25  that violations of the IWC Wage Order are unlawful and sets forth the premium pay employer

26  must pay their employees when employers fail to provide rest periods.

27     35.    The California Supreme Court has held that, during required rest periods,

28  "employers must relieve their employees of all duties and relinquish any control over how

1  employees spend their break time." (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th

2  257, 260). Relinquishing control over employees during rest periods requires that employees be

3  "free to leave the employer's premises" and be "permitted to attend to personal business." (*Id.* at

4  p. 275). The *Brinker* court explained in the context of rest breaks that employer liability attaches

5  from adopting an unlawful policy:

6  
7      "An employer is required to authorize and permit the amount of rest break time

8      called for under the wage order for its industry. If it does not—if, for example, it

9      adopts a uniform policy authorizing and permitting only one rest break for

10     employees working a seven-hour shift when two are required—it has violated the

11     wage order and is liable." (*Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th

12     1004, 1033).

13     36.    Here, Defendants did not permit the Class Members to take compliant rest breaks,

14  free from Defendants' control as required by Labor Code section 226.7, IWC Wage Order 5-2001,

15  and applicable precedent. (See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269

16  [concluding that "during rest periods employers must relieve employees of all duties and relinquish

17  control over how employees spend their time."]). At all relevant times, the Class Members were

18  not provided with legally-complaint and timely rest periods of at least ten (10) ten minutes for each

19  four (4) hour work period, or major fraction thereof, due to Defendants' unlawful rest period

20  policies/practices. The Class Members were expected and required to continue working through

21  rest periods in order to meet the expectations Defendants and finish the workday. As a result, the

22  Class Members were unable to take compliant rest periods. In addition, Defendants also failed to

23  maintain any mechanism for the accurate payment of rest period premium payments as required

24  by Labor Code section 226.7.

25     37.    Since Defendants did not offer the Class Members the opportunity to receive a

26  compliant off-duty rest period, "the court may not conclude employees voluntarily chose to skip

27  those breaks." (*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 410 (2015)

28  ["If an employer fails to provide legally compliant meal or rest breaks, the court may not conclude

1    employees voluntarily chose to skip those breaks."]; *Brinker Rest. Corp. v. Superior Court, supra,*
2    53 Cal.4th at p. 1033 ["No issue of waiver ever arises for a rest break that was required by law but
3    never authorized; if a break is not authorized, an employee has no opportunity to decline to take
4    it."]).

5         38.    In addition to failing to authorize and permit compliant rest periods, the Class
6    Members were not compensated with one hour's worth of pay at their regular rate of compensation
7    when they were not provided with a compliant rest period in accordance with Labor Code section
8    226.7, subdivision (c). Thus, Defendants have violated Labor Code section 226.7 and IWC Wage
9    Order 5-2001.

10         39.    Based on the foregoing, Plaintiff seeks to recover on behalf of himself and other
11    non-exempt employees' rest period premiums and penalties.

12        **D.    MEAL BREAK VIOLATIONS**

13         40.    Labor Code section 512 and the applicable IWC Wage Orders require employers
14    to provide employees with thirty (30) minute uninterrupted and duty-free meal period within the
15    first five hours of work. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee
16    for a work period of more than five hours per day without providing the employee with a meal
17    period of not less than 30 minutes . . . ."]; Cal. Code of Regs., tit. 8, § 11050, subd. 11 ["No
18    employer shall employ any person for a work period of more than five (5) hours without a meal
19    period of not less than 30 minutes . . . ."]). Additionally, an employee who works more than ten
20    (10) hours per day is entitled to receive a second thirty (30) minute uninterrupted and duty-free
21    meal period. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work
22    period of more than 10 hours per day without providing the employee with a second meal period
23    of not less than 30 minutes . . . ."]).

24         41.    "An on-duty meal period is permitted only when the nature of the work prevents an
25    employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal
26    break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 932). The written agreement
27    must include a provision allowing the employee to revoke it at any time. (*Ibid.*) Generally, the
28    California Department of Industrial Relations, Division of Labor Standards Enforcement

1   ("DLSE") and courts have "found that the nature of the work exception applies: '(1) where the

2   work has some particular external force that requires the employee to be on duty at all times, and

3   (2) where the employee is the sole employee of a particular employer.'" (*Id.* at p. 945; *Abdullah v.*

4   *U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959). "[I]t is the employer's

5   obligation to determine whether the nature of the work prevents an employee from being relieved

6   before requiring an employee to take an on-duty meal period." (*Lubin v. The Wackenhut Corp.*,

7   *supra*, 5 Cal.App.5th at p. 946).

8        42.    Here, the Class Members were never asked to sign any agreement agreeing to an

9   on-duty meal period.  Moreover, nothing in the nature of their work involved the kind of "external

10  force" that might justify on-duty meal breaks.  (*Lubin v. The Wackenhut Corp.*, *supra*, 5

11  Cal.App.5th at p. 945).  Nevertheless, Defendants did not provide compliant off-duty meal periods

12  within the first five hours of work for the Class Members.

13       43.    As with rest breaks, meal breaks must be duty-free (*Brinker Restaurant Corp. v.*

14  *Superior Court*, *supra*, 53 Cal.4th at p. 1035 ["The IWC's wage orders have long made a meal

15  period's duty-free nature its defining characteristic."]).  Relinquishing control over employees

16  during meal periods requires that employees be "free to leave the employer's premises" and be

17  "permitted to attend to personal business." (*Augustus v. ABM Security Services, Inc.*, *supra*, 2

18  Cal.5th at p. 275).  Under Labor Code section 512, if an employer maintains a uniform policy that

19  does not authorize and permit the amount of meal time called for under the law (as specified in the

20  applicable IWC Wage Order), "it has violated the wage order and is liable." (*Brinker Restaurant*

21  *Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033).

22       44.    At all relevant times here, the Class Members were denied legally-complaint and

23  timely off-duty meal periods of at least thirty (30) minutes due to Defendants' unlawful meal

24  period policy/practices.  As a result of Defendants' uniform meal period policies and practices, the

25  Class Members routinely were not permitted to take complaint first meal periods before the end of

26  the fifth hour of work, and second meal periods before the end of the tenth hour of work.  The

27  Class Members were also not permitted to take second meal periods for shifts in excess of ten (10)

28  hours.  Defendants thus violated Labor Code section 512 and the applicable IWC Wage Orders by

1  failing to advise, authorize, or permit the Class Members of their right to receive thirty (30) minute,

2  off-duty meal periods within the first five hours of their shifts.

3      45.    Labor Code section 226.7 provides that "[a]n employer shall not require an

4  employee to work during a meal or rest or recovery period mandated pursuant to an applicable

5  statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." (Lab.

6  Code, § 226.7, subd. (b)).  Labor Code section 226.7, subdivision (c), and IWC Wage Order 5-

7  2001 further obligate employers to pay employees one additional hour of pay at the employee's

8  regular rate of compensation for each workday that the meal period is not provided (Lab. Code, §

9  226.7, subd. (c); Cal. Code of Regs., tit. 8, § 11050, subds. 11(B) ["If an employer fails to provide

10 an employee a meal period in accordance with the applicable provisions of this Order, the employer

11 shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each

12 workday that the meal period is not provided."]).

13     46.    Accordingly, for each day that the Class Members did not receive compliant meal

14 periods, they were and are entitled to receive meal period premiums pursuant to Labor Code

15 section 226.7 and IWC Wage Order 5-2001.  Defendants, however, failed to pay the Class

16 Members meal period premiums for each workday that the employees did not receive a compliant

17 meal period.  Thus, Defendants have violated Labor Code section 226.7 and IWC Wage Order 5-

18 2001.

19     47.    Based on the foregoing, Plaintiff seeks to recover on behalf of himself and other

20 non-exempt employees' meal period premiums and penalties.

21 **E.    UNTIMELY WAGES DURING EMPLOYMENT**

22     48.    Labor Code section 204 expressly requires employers who pay employees on a

23 weekly, biweekly, or semimonthly basis to pay all wages "not more than seven calendar days

24 following the close of the payroll period."  Labor Code section 210, subdivision (a), makes

25 employers who violate Labor Code section 204 subject to a penalty of:

26          "(1)    For any initial violation, one hundred dollars ($100) for each failure

27                 to pay each employee.

28

1                 "(2)     For each subsequent violation, or any willful or intentional

2                        violation, two hundred dollars ($200) for each failure to pay each

3                        employee, plus 25 percent of the amount unlawfully withheld."

4      49.     Notably, the penalty provided by Labor Code section 210 is "[i]n addition to, and

5  entirely independent and apart from, any other penalty provided in this article . . . ." (Lab. Code,

6  § 210, subd. (a)).

7      50.     Due to Defendants' failure to pay Plaintiff and other Class Members minimum and

8  overtime wages as described above, along with rest and meal break premiums, Defendants failed

9  to timely pay employees within seven calendar days following the close of payroll in accordance

10  with Labor Code section 204 on a regular and consistent basis. (See *Parson v. Golden State FC,*

11  *LLC* (N.D. Cal., May 2, 2016, No. 16-CV-00405-JST) 2016 WL 1734010, at p. *3–5, 2016 U.S.

12  Dist. LEXIS 58299 [finding that a failure to pay rest period premiums can support claims under

13  Labor Code sections 203 and 204]).

14     **F.**     **UNTIMELY WAGES AT SEPARATION**

15      51.     Labor Code section 203 provides "if an employer willfully fails to pay . . . any

16  wages of an employee who is discharged or who quits, the wages of the employee shall continue

17  as a penalty . . ." for up to 30 days. (Lab. Code § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th

18  487, 492). As a result of Defendants' failure to pay the Class Members for all minimum and

19  overtime hours worked as described above, along with meal and rest period premiums, Defendants

20  violated and continue to violate Labor Code section 203.

21      52.     Due to Defendants' faulty pay policies, those former Class Members whose

22  employment with Defendants concluded were not compensated for each and every hour worked

23  at the appropriate rate. Defendants have failed to pay former Class Members whose sums were

24  certain at the time of termination within seventy-two (72) hours of their resignation and have failed

25  to pay those sums for thirty (30) days thereafter.

26     **G.**     **FAILURE TO REIMBURSE BUSINESS EXPENSES**

27      53.     At all relevant times herein, Defendants were subject to Labor Code section 2802,

28  which states that "an employer shall indemnify his or her employees for all necessary expenditures

1   or losses incurred by the employee in direct consequence of the discharge of his or her duties, or

2   of his or her obedience to the directions of the employer." The purpose of this section is to "prevent

3   employers from passing along their operating expenses onto their employees." (*Gattuso v. Harte-*

4   *Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 562).

5         54.    At all relevant times herein, Defendants were subject to Labor Code section 2804,

6   which states that "any contract or agreement, express or implied, made by any employee to waive

7   the benefits of this article or any part thereof, is null and void, and this article shall not deprive any

8   employee or his personal representative of any right or remedy to which he is entitled under the

9   laws of this State."

10         55.    Thus, the Class Members were and are entitled to reimbursement for the expenses

11   they incurred during the course of their duties. The duty to reimburse even extends to the use of

12   equipment the employee may already own and would be required to pay for anyway (*Cochran v.*

13   *Schwan's Home Serv., Inc.* (2014) 228 Cal.App.4th 1137, 1144 ["The threshold question in this

14   case is this: Does an employer always have to reimburse an employee for the reasonable expense

15   of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the

16   situation in which the employee incurred an extra expense that he or she would not have otherwise

17   incurred absent the job? The answer is that reimbursement is always required. Otherwise, the

18   employer would receive a windfall because it would be passing its operating expenses on to the

19   employee."]).

20         56.    Here, Defendants failed to fully reimburse the Class Members for necessary

21   expenditures incurred as a direct consequence and requirement of performing their job duties,

22   including the costs of the use of their personal cell phones for work purposes. Consequently,

23   Defendants failed to comply with Labor Code section 2802 and Applicable Wage Order.

24       **H.**    **WAGE STATEMENT VIOLATIONS**

25         57.    Defendants also failed to provide accurate itemized wage statements in accordance

26   with Labor Code sections 226, subdivisions (a)(1), (2), (5), and (9). Labor Code section 226,

27   subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an

28   itemized wage statement in writing showing:

1           (1)    The gross wages earned;

2           (2)    The total hours worked by the employee;

3           (3)    The number of piece-rate units earned and any applicable piece rate

4                    if the employee is paid on a piece rate basis;

5           (4)    All deductions, provided that all deductions made on written orders

6                    of the employee may be aggregated and shown as one item;

7           (5)    The net wages earned;

8           (6)    The inclusive dates of the period for which the employee is paid;

9           (7)    The name of the employee and only the last four digits of his or her

10                 social security number or an employee identification number other

11                 than a social security number;

12           (8)    The name and address of the legal entity that is the employer; and

13           (9)    All applicable hourly rates in effect during the pay period and the

14                 corresponding number of hours worked at each hourly rate by the

15                 employee.

16      58.     Due to Defendants' failure to pay the Class Members minimum and overtime wages

17 for all hours worked (including, but not limited to, donning and doffing and/or pre- and post-shift

18 activities), along with incorrect overtime rates and meal and rest period premiums, the wage

19 statements issued do not indicate the correct amount of gross wages earned, total hours worked, or

20 the net wages earned, or the applicable hourly rates in effect during the pay period and the

21 corresponding number of hours worked at each hourly rate. Thus, Defendants have violated Labor

22 Code section 226, subdivisions (a)(1), (2), (5), and (9).

23      59.     In addition to Labor Code section 226, subdivision (a), Defendants also knowingly

24 and intentionally failed to provide the Class Members with accurate itemized wage statements in

25 violation of Labor Code section 226, subdivision (e).   Defendants knew that they were not

26 providing the Class Members with wage statements required by California law. (See *Garnett v.*

27 *ADT LLC* (E.D. Cal. 2015) 139 F.Supp.3d 1121, 1134 [finding the defendant knowingly and

28 intentionally violated Labor Code section 226 because the "[d]efendant knew that it was not

providing total hours worked to plaintiff or other employees paid on commission" even though it believed that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement."]).

## I.    RECORDKEEPING VIOLATIONS

60.    Labor Code section 226, subdivision (a), requires employers to keep an accurate record of, among other things, all hours worked by employees. Labor Code section 226.3 provides, in pertinent part, as follows:

"Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. **The civil penalties provided for in this section are in addition to any other penalty provided by law."** (Lab. Code, § 226.3, emphasis added).

61.    Likewise, Labor Code section 1174, subdivision (d), requires every employer, including Defendants, to:

"Keep, at a central location in the state or at the plants or establishments at which employees are employed, **payroll records showing the hours worked daily** by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a

personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned." (Lab. Code, § 1174, subd. (d), emphasis added).

62.     As explained in detail above, Defendants failed to provide Plaintiff and the Class Members with accurate itemized wage statements.  Defendants have thus failed to keep accurate records of the "total hours worked by the employee[s]" in violation of Labor Code section 226, subdivision (a), and are therefore subject to the penalties provided by Labor Code section 226.3. These penalties are "in addition to any other penalty provided by law." (Lab. Code, § 226.3).

63.     The failure to accurately track hours worked also resulted in a failure of Defendants to keep a record of all "payroll records showing the hours worked daily by" Defendants' employees, including Plaintiff and other Class Members, in violation of Labor Code section 1174, subdivision (d).

## J.     UNLAWFUL FORM OF WAGE PAYMENTS

64.     California law requires wages to be issued in a form that is "negotiable and payable in cash, on demand, without discount, at some established place of business in the state." (Lab. Code, § 212, subd. (a)(1)).  An employer may *not* issue a form of payment that would be discounted if turned into cash. (Lab. Code, § 212, subd. (a)(1)).  Likewise, employers may not offer any scrip, coupon, or alternative form of payment that is not redeemable in cash. (Labor Code, § 212, subd. (a)(2)).  A violation of Labor Code section 212 constitutes a misdemeanor. (Lab. Code, § 215.)

65.     The Division of Labor Standards Enforcement ("DLSE") has explained four basic criteria that alternative forms of wage payments must meet to comply with the requirements of Labor Code section 212:

(1)     Use of the card must not be compulsory (employees must be given the choice to be paid that way after being fully informed of the service and procedures),

(2)     Employees must have access to the funds at banks or ATMs inside California and no fee can be charged to the employee for at least one use of the card each pay period,

1           (3)     Funds must be made available in cash on the designated payday, and

2                   for at least 30 days thereafter, and

3           (4)     Employees must also receive, on their scheduled payday, an

4                   itemized paystub that complies with Labor Code section 226.

5                   (DLSE Opinion Letter 2008.07.07 (July 7, 2008)).

6     66.    Labor Code section 225.5 makes employers who violate Labor Code section 212

7 subject to a penalty of:

8           "(1)    For any initial violation, one hundred dollars ($100) for each failure

9                   to pay each employee.

10          "(2)    For each subsequent violation, or any willful or intentional

11                   violation, two hundred dollars ($200) for each failure to pay each

12                   employee, plus 25 percent of the amount unlawfully withheld."

13     67.    Notably, the penalty provided by Labor Code section 225.5 is "[i]n addition to, and

14 entirely independent and apart from, any other penalty provided in this article . . . ." (Lab. Code,

15 § 225.5, subd. (a)).

16     68.    Here, Defendants instituted a compulsory wage payment program for the Class

17 Members, issuing them payroll debit cards in lieu of cash or check. The debit cards Defendants

18 chose to issue to the Class Members automatically charge a $2.00 transaction fee for each

19 transaction made with the debit cards. The involuntary and fee-ridden structure of this payment

20 program violates the mandates of Labor Code section 212. Moreover, the $2.00 transaction fees

21 constitute unlawful deductions from the Class Members' wages under Labor Code sections 221–

22 224, which prohibit employers from "utilizing secret deductions or kickbacks to pay employees

23 less than their stated wages." (*Finnegan v. Schrader* (2001) 91 Cal.App.4th 572, 584; *Phillips v.

24 Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 572; *Steinhebel v. Los Angeles Times

25 Communications, LLC* (2005) 126 Cal.App.4th 696, 706–707).

26 **V.    CLASS ACTION ALLEGATIONS**

27     69.    As mentioned above, Plaintiff brings this action on behalf of himself and the Class

28 Members pursuant to section 382 of the Code of Civil Procedure.

CLASS ACTION COMPLAINT

1    70.    **Numerosity/Ascertainability**: The members of the Class are so numerous that

2    joinder of all members would be unfeasible and not practicable.  The membership of the Class is

3    unknown to Plaintiff at this time; however, it is estimated that the Class number greater than one

4    hundred (100) individuals.  The identity of such membership is readily ascertainable via inspection

5    of Defendants' employment records.

6    71.    **Common Questions of Law and Fact Predominate/Well Defined Community**

7    **of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly

8    situated non-exempt employees, which predominate over questions affecting only individual

9    members including, without limitation to:

10          A.    Whether Defendants' pay policies/practices resulted in a failure to pay

11          members of the Class for all hours worked, including all minimum, regular, and overtime

12          wages;

13          B.    Whether Defendants' rest period policies and practices afforded legally

14          compliant rest periods or compensation in lieu thereof;

15          C.    Whether Defendants' meal period policies and practices afforded legally

16          compliant meal periods or compensation in lieu thereof;

17          D.    Whether Defendants timely paid all wages during employment;

18          E.    Whether Defendants timely paid all wages earned and unpaid at separation;

19          F.    Whether Defendants indemnified their employees for all necessary business

20          expenditures;

21          G.    Whether Defendants furnished legally-compliant wage statements to

22          members of the Class pursuant to Labor Code section 226; and

23          H.    Whether Defendants' violations of the Labor Code and the Applicable

24          Wage Order amounted to a violation of California's UCL.

25    72.    **Predominance of Common Questions**: Common questions of law and fact

26    predominate over questions that affect only individual members of the Class.  The common

27    questions of law set forth above are numerous and substantial and stem from Defendants' uniform

28    policies and practices applicable to each individual class member, such as Defendants' uniform

19

1   policy and practice of failing to pay for all hours worked, Defendants' uniform policies and

2   practices which failed to provide complaint meal and rest periods, and Defendants' failure to

3   provide accurate itemized wage statements. As such, the common questions predominate over

4   individual questions concerning each individual class member's showing as to his or her eligibility

5   for recovery or as to the amount of his or her damages.

6       73.    **Typicality**: The claims of Plaintiff are typical of the claims of the Class because

7   Plaintiff was employed by Defendants as a non-exempt employee in California during the

8   statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As

9   alleged herein, Plaintiff, like the members of the Class, was deprived of minimum, regular, and

10  overtime wages as a result of Defendants' unlawful timekeeping policies and practices, was

11  deprived of meal and rest periods and premium wages in lieu thereof, was subject to Defendants'

12  uniform meal and rest period policies and practices, was not provided accurate itemized wage

13  statements, and was not paid all wages in full and on time.

14      74.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps

15  to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's

16  attorneys are ready, willing and able to fully and adequately represent the members of the Class

17  and Plaintiff. Plaintiff's attorneys have prosecuted numerous wage-and-hour class actions in state

18  and federal court in the past and are committed to vigorously prosecuting this action on behalf of

19  the members of the Class.

20      75.    **Superiority**: The California Labor Code is broadly remedial in nature and serves

21  an important public interest in establishing minimum working conditions and standards in

22  California. These laws and labor standards protect the average working employee from

23  exploitation by employers who have the responsibility to follow the laws and who may seek to

24  take advantage of superior economic and bargaining power in setting onerous terms and conditions

25  of employment. The nature of this action and the format of laws available to Plaintiff and members

26  of the Class make the class action format a particularly efficient and appropriate procedure to

27  redress the violations alleged herein. If each employee were required to file an individual lawsuit,

28  Defendants would necessarily gain an unconscionable advantage since they would be able to

1    exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior

2    financial and legal resources.

3        76.    Moreover, requiring each member of the Class to pursue an individual remedy

4    would also discourage the assertion of lawful claims by employees who would be disinclined to

5    file an action against their former or current employer for real and justifiable fear of retaliation and

6    permanent damages to their careers at subsequent employment.  Further, the prosecution of

7    separate actions by the individual class members, even if possible, would create a substantial risk

8    of inconsistent or varying verdicts or adjudications with respect to the individual class members

9    against Defendants herein, and which would establish potentially incompatible standards of

10   conduct for Defendants or legal determinations with respect to individual class members which

11   would, as a practical matter, be dispositive of the interest of the other class members not parties to

12   adjudications or which would substantially impair or impede the ability of the class members to

13   protect their interests.

14       77.    Further, the claims of the individual members of the Class are not sufficiently large

15   to warrant vigorous individual prosecution considering the concomitant costs and expenses

16   attending thereto.  As such, the Class identified above are maintainable as Class under section 382

17   of the Code of Civil Procedure.

18   **VI.    <u>CAUSES OF ACTION</u>**

                        FIRST CAUSE OF ACTION
19
                        *Failure to Pay All Minimum Wages*
20                      *(Against All Defendants)*

21       78.    Plaintiff realleges and incorporates by reference all previous paragraphs.

22       79.    Section 4 of the Applicable Wage Order and Labor Code section 1197 establish the

23   right of employees to be paid minimum wages for all hours worked, in amounts set by state law

24   (Lab. Code, § 1197; Cal. Code of Regs., tit. 8, § 11050).  Labor Code sections 1194, subdivision

25   (a), and 1194.2, subdivision (a), provide that an employee who has not been paid the legal

26   minimum wage as required by Labor Code section 1197 may recover the unpaid balance, together

27   with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the

28   unpaid wages and interest accrued thereon.

80.    At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law.  Plaintiff and other Class Members were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and the Applicable Wage Order.

81.    Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.  Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

82.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the Labor Code and Applicable Wage Order.

83.    Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and the Class Members in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code sections 204, 1194, 1194.2, 1197, and 1198, and Code of Civil Procedure section 1021.5.

## SECOND CAUSE OF ACTION
### *Failure to Pay Overtime Wages*
### *(Against All Defendants)*

84.    Plaintiff realleges and incorporates by reference all previous paragraphs.

85.    This cause of action is brought pursuant to Labor Code sections 204, 510, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed. At all times relevant herein, Defendants were required to properly pay Plaintiff and other Class Members for all overtime wages earned pursuant to Labor Code section 1194 and Applicable Wage Order.  Defendants caused Plaintiff and other Class

1   Members to work overtime hours but did not compensate them at one and one-half times their

2   regular rate of pay for such hours in accordance with California law. Likewise, Defendants caused

3   Plaintiff and other Class Members to work double-time hours but did not compensate them at twice

4   their regular rate of pay for such hours in accordance with California law.

5          86.     Defendants failed to conform their pay practices to the requirements of California

6   law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful pay

7   policies/practices of failing to accurately record all the time that non-exempt employees were

8   under the supervision and control of Defendants. The foregoing policies and practices are unlawful

9   and allow Plaintiff and the Class Members to recover in a civil action the unpaid amount of

10  overtime premiums owing, including interest thereon, statutory penalties, attorney's fees, and costs

11  of suit according to Labor Code section 204, 510, 1194, and 1198, Applicable Wage Order, and

12  Code of Civil Procedure section 1021.5.

**THIRD CAUSE OF ACTION**
*Failure to Provide Rest Periods and Pay Missed Rest Period Premiums*
*(Against All Defendants)*

15         87.     Plaintiff realleges and incorporates by reference all previous paragraphs.

16         88.     Section 12 of the Applicable Wage Order, and Labor Code section 226.7 establishes

17  the right of employees to be provided with a rest period of at least ten (10) minutes for each four

18  (4) hour period worked, or major fraction thereof. (See Cal. Code of Regs., tit. 8, § 11050).

19         89.     Due to Defendants' unlawful rest period policies and practices described in detail

20  above, Defendants did not authorize and permit Plaintiff and the other Class Members to take all

21  rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have

22  not paid an additional hour of pay to Plaintiff and members of the Class at their respective regular

23  rates of pay for each violation, in accordance with California Labor Code section 226.7.

24         90.     The foregoing violations create an entitlement to recovery by Plaintiff and the Class

25  Members in a civil action for the unpaid amount of rest period premiums owing, including interest

26  thereon, statutory penalties, and costs of suit pursuant to Applicable Wage Order, and California

27  Labor Code section 226.7.

28

### FOURTH CAUSE OF ACTION
*Failure to Provide Meal Periods and Pay Missed Meal Period Premiums*
*(Against All Defendants)*

91.    Plaintiff realleges and incorporates by reference all previous paragraphs.

92.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees, including Plaintiff and the other Class Members, with all required meal periods in accordance with the mandates of the Labor Code and Applicable Wage Order, for the reasons set forth herein above.

93.    As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Order and Labor Code sections 226.7 and 512, and Civil Code sections 3287, subdivision (b), and 3289. (See Cal. Code of Regs., tit. 8, § 11050).

### FIFTH CAUSE OF ACTION
*Failure to Pay Wages Timely during Employment*
*(Against All Defendants)*

94.    Plaintiff realleges and incorporates by reference all previous paragraphs.

95.    Labor Code section 200 provides that "wages" include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation. Labor Code section 204 states that all wages earned by any person in any employment are payable twice during the calendar month, and must be paid not more than seven days following the close of the period when the wages were earned. Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of $100 for any initial failure to timely pay each employee's full wages and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld.

96.    Labor Code section 216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

CLASS ACTION COMPLAINT

97.    Defendants as a matter of established company policy and procedure in the State of California, scheduled, required, suffered, and/or permitted Plaintiff and the Class Members, to work without compensation, work without legally compliant off-duty meal periods and rest periods, and failed to pay Plaintiff and the Class Members, for their hours worked, meal period premiums, and rest period premiums within seven days of the close of payroll, as required by law.

98.    Defendants, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiff and the other members of the Class these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiff and the Class Members.

99.    Defendants' pattern, practice and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and the Class Members are entitled to recover, pursuant to Labor Code section 218, the unpaid balance of the compensation owed to them in a civil action and any applicable penalties owed to them pursuant to Labor Code section 210.

**SIXTH CAUSE OF ACTION**
*Failure to Timely Pay All Wages Earned and Unpaid at Separation*
*(Against All Defendants)*

100.    Plaintiff realleges and incorporates by reference all previous paragraphs.

101.    The actionable period for this cause of action is three years prior to the filing of this complaint through the present, and ongoing until the violations are corrected or the class is certified (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1395; *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1109; Code Civ. Proc., § 338, subd. (a)). Labor Code sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to the formerly-employed Class Members during the actionable period for this cause of action at or around the time that their employment is or was terminated, or ended.

102.    Section 203 of the Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

103. Here, Defendants willfully failed to pay Plaintiff and the formerly-employed Class Members for all hours worked, including minimum and overtime wages and their meal and rest period premiums, prior to or upon termination or separation from employment with Defendants as required by Labor Code sections 201 and 202.

104. As a result, Defendants are liable to Plaintiff and the formerly-employed Class Members for waiting time penalties amounting to thirty (30) days wages for the formerly-employed Class Members pursuant to Labor Code section 203 (See, e.g., DLSE Manual, § 4.3.4 [failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties]).

## SEVENTH CAUSE OF ACTION
### *Failure to Indemnify All Necessary Business Expenditures*
### *(Against All Defendants)*

105. Plaintiff realleges and incorporates by reference all previous paragraphs.

106. California Labor Code Section 2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Likewise, Labor Code section 2804 states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

107. Here, Plaintiff and the other Class Members paid out of pocket for tools to aide them in working, such as their personal cell phones. Defendants did not fully reimburse these necessary business expenses. Thus, Plaintiff and the other Class Members are entitled to recover the cost of such necessary business expenses, plus interest from the date each incurred such business expenses, plus fees and costs (Lab. Code, § 2802, subds. (b), (c)).

## EIGHTH CAUSE OF ACTION
### *Failure to Furnish Accurate Itemized Wage Statements*
### *(Against All Defendants)*

108. Plaintiff realleges and incorporates by reference all previous paragraphs.

CLASS ACTION COMPLAINT

109.    Labor Code section 226, subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

> (1)    The gross wages earned;

> (2)    The total hours worked by the employee;

> (3)    The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

> (4)    All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

> (5)    The net wages earned;

> (6)    The inclusive dates of the period for which the employee is paid;

> (7)    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

> (8)    The name and address of the legal entity that is the employer; and

> (9)    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

110.    As set forth above, Defendants issued and continues to issue wage statements to its non-exempt employees including Plaintiff and the other Class Members that are inadequate under Labor Code section 226, subdivision (a).  By failing to pay Plaintiff and the other Class Members for all hours worked, including, but not limited to, all minimum and overtime wages, and missed meal and rest period premiums, Defendants failed to include required information on Plaintiff and the other Class Members ' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226, subdivision (a).

111.    Defendants' failure to comply with Labor Code section 226, subdivision (a), of the Labor Code was knowing and intentional.  (Lab. Code, § 226, subd. (e)).

112.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and the other Class Members in violation of Labor Code section 226, subdivision (a),

27

1    Plaintiff and the Class Members are each entitled to recover an initial penalty of $50, and

2    subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per

3    Plaintiff and per each member of the Class from Defendants pursuant to Labor Code section 226,

4    subdivision (e), along with costs and reasonable attorneys' fees.

### NINTH CAUSE OF ACTION
*Violations of California's Unfair Competition Law*
*(Against All Defendants)*

7    113.    Plaintiff realleges and incorporates by reference all previous paragraphs.

8    114.    Defendants have engaged and continue to engage in unfair and/or unlawful business

9    practices in California in violation of California Business and Professions Code section 17200 et

10   seq., by failing to pay for all hours worked, including all minimum and overtime wages, by failing

11   to provide all legally required meal and rest periods or make premium payments in lieu thereof,

12   by failing to pay them in full and on time during employment, by failing to pay them all wages

13   due at the time of separation, by failing to compensate them for all necessary business

14   expenditures, and by failing to provide accurate wage statements to Plaintiff and the other Class

15   Members .

16   115.    Defendants' utilization of these unfair and unlawful business practices deprived and

17   continue to deprive Plaintiff and the Class Members of compensation to which they are legally

18   entitled.  These practices constitutes unfair and unlawful competition, and provides an unfair

19   advantage over Defendants' competitors who have been and/or are currently employing workers

20   and attempting to do so in honest compliance with applicable wage and hour laws.

21   116.    Because Plaintiff is a victim of Defendants' unfair and unlawful conduct alleged

22   herein, Plaintiff for himself and on behalf of the Class Members, seeks full restitution of monies,

23   as necessary and according to proof, to restore any and all monies withheld, acquired and/or

24   converted by Defendants pursuant to Business and Professions Code sections 17203 and 17208.

25   117.    The acts complained of herein occurred within the last four years immediately

26   preceding the filing of the Complaint in this action.

27   118.    Plaintiff was compelled to retain the services of counsel to file this court action to

28   protect his interests and those of the Class Members, to obtain restitution and injunctive relief on

1 | behalf of Defendants' current non-exempt employees and to enforce important rights affecting the

2 | public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs,

3 | which Plaintiff is entitled to recover under Code of Civil Procedure section 1021.5.

4 | **VII.     PRAYER FOR RELIEF**

5 |      Plaintiff prays for judgment for himself and for all others on whose behalf this suit is

6 | brought against Defendants, as follows:

7 |     **1.**    For an order certifying the proposed Class;

8 |     **2.**    For an order appointing Plaintiff as representative of the Class;

9 |     **3.**    For an order appointing Plaintiff's counsel as counsel for the Class;

10 |     **4.**    For the First Cause of Action, compensatory, consequential, general and special

11 |         damages according to proof pursuant to Labor Code sections 1194, 1194.2, 1197;

12 |     **5.**    For the Second Cause of Action, compensatory, consequential, general and special

13 |         damages according to proof pursuant to Labor Code sections 204, 510, 1194, and

14 |         1198;

15 |     **6.**    For the Third Cause of Action, compensatory, consequential, general and special

16 |         damages according to proof pursuant to Labor Code section 226.7;

17 |     **7.**    For the Fourth Cause of Action, compensatory, consequential, general and special

18 |         damages according to proof pursuant to Labor Code sections 226.7 and 512;

19 |     **8.**    For the Fifth Cause of Action, the unpaid balance of the compensation owed to

20 |         Plaintiff and the other Class Members and any applicable penalties owed to them

21 |         pursuant to Labor Code section 210;

22 |     **9.**    For the Sixth Cause of Action, statutory waiting time penalties pursuant to Labor

23 |         Code sections 201 through 203, for the Class Members who quit or were fired in

24 |         an amount equal to their daily wage multiplied by thirty (30) days, as may be

25 |         proven;

26 |     **10.**    For the Seventh Cause of Action, all unreimbursed business expenses, and interest

27 |         thereon, that they are owed, pursuant to Labor Code section 2802, and attorney fees,

28 |         pursuant to Labor Code section 2802, subdivision (c);

11.    For the Eighth Cause of Action, statutory waiting time penalties pursuant to Labor Code sections 201–203, and 226, subdivisions (a) and (e);

12.    For the Ninth Cause of Action, restitution to Plaintiff and Class Members of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code sections 17200 et seq.;

13.    Prejudgment interest on all due and unpaid wages pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;

14.    On all causes of action, for attorneys' fees and costs as provided by Labor Code sections 218.5, 226, and Code of Civil Procedure section 1021.5;

15.    For an order enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint; and

16.    For such other and further relief, the Court may deem just and proper.

Dated: November 20, 2020               **MELMED LAW GROUP P.C.**

*Jonathan Melmed*
_____
Jonathan Melmed
*Attorney for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT

FILED

MAY 0 6 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
David K. Walker

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SANTA CLARA

**GENERAL ORDER RE: COVID-19 EMERGENCY ORDER REGARDING COMPLEX CIVIL ACTIONS**

On March 30, 2020 the Chief Justice of California issued an order, which states in pertinent part:

"I find good cause to…support courts in making use of available technology, when possible, to conduct judicial proceedings and court operations remotely, suspend any rule in the California Rules of Court to the extent such rule would prevent a court from using technology to conduct judicial proceedings and court operations remotely, in order to protect the health and safety of the public, court personnel, judicial officers, litigants, and witnesses. This is consistent with the Governor's order, which also provides for the suspension of related statutes that impose limitations on the subject of these emergency orders."

Emergency rule 3, adopted by the Judicial Council of California effective April 6, 2020, states in pertinent part:

"Notwithstanding any other law, in order to protect the health and safety of the public, including court users, both in custody and out of custody defendants, witnesses, court personnel, judicial officers, and others, courts must conduct judicial proceedings and court operations as follows:

(1) Courts may require that judicial proceedings and court operations be conducted remotely.

(2) * * *

(3) Conducting proceedings remotely includes, but is not limited to, the use of video, audio, and telephonic means for remote appearances; the electronic exchange and authentication of documentary evidence; e-filing and e-service; the use of remote interpreting; and the use of remote reporting and electronic recording to make the official record of an action or proceeding."

Given that County health officials have deemed professional legal services "essential businesses" and the operation of the court an "essential service" to be conducted consistent with "social distancing protocols";

IT IS HEREBY ORDERED that the following applies to all complex civil actions:

**1.    Sunset of Order and Procedures.**  This Order and the procedures set forth herein shall apply and be followed until ten (10) calendar days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or lifted by further order of this Court.

**2.    Electronic Service.**  Pursuant to Code of Civil Procedure Section 1010.6(c), California Rules of Court, rule 2.253(c) and rule 2.251(c), and Emergency rule 12, all parties represented by counsel  and all self-represented parties who have consented in writing to electronic service shall serve all documents electronically and shall accept service of documents electronically, in conformity with Code of Civil Procedure Section 1010.6 and the California Rules of Court, except when personal service is required by statute.  Counsel for the parties shall meet and confer, agree upon, and keep updated, an e-service list for each civil action.  The parties are reminded that electronic service of documents may extend time periods for response by two (2) court days, pursuant to Code of Civil Procedure Section 1010.6(a)(4)(B).

**3.    Electronic Filing.**  As previously established by Local Rules, pursuant to California Rules of Court, rule 2.253(b), all parties shall file all documents electronically.

**4.    Judicial Holiday Extensions Only For Filings**.  Pursuant to authority granted by the Chief Justice, the Presiding Judge of this Court has issued orders providing that the dates

from March 17, 2020 to May 29, 2020, are "holidays" for "purposes of computing time for filing papers with the Court under Code of Civil Procedure Sections 12 and 12a . . . ." As specifically stated in the Order, such emergency "holidays" only pertain to the deadlines for *filing* papers with the Court, and do not pertain to dates and deadlines regarding service of papers between the parties, such as discovery requests and discovery responses.

5.    **Discovery.** All discovery requests and responses (C.C.P. § 2019.010), including but not limited to notice of deposition, special interrogatories, form interrogatories, requests for production of documents, and requests for admissions, shall be served electronically by all represented by counsel and all self-represented parties who have consented in writing to electronic service. Production of documents shall be provided in electronic form unless the parties agree otherwise in writing. If not previously established, counsel for the parties shall meet and confer regarding possible establishment of a joint electronic document depository for the uploading and downloading of electronic document productions.

6.    **Depositions.** Code of Civil Procedure Section 2025.310 provides that all persons, except the deponent and the court reporter, may attend a deposition remotely. Emergency rule 11 (a) states: "Notwithstanding any other law, including Code of Civil Procedure section 2025.310(a) and (b), and rule 3.1010(c) and (d), a party or non-party deponent, at their election or the election of the deposing party, is not required to be present with the deposition officer at the time of the deposition."

a.    All notices of deposition, including by subpoena duces tecum, of any party or non-party, shall be served upon all parties electronically.

b.    Unless otherwise stipulated in writing by the parties, or unless technologically infeasible, any or all of an oral deposition may be conducted remotely, in that the deponent, the court reporter, any interpreter, the video operator, the attorney for any party, or any party, may "attend" the deposition remotely by appropriate audio-video conference method – which method shall be selected and identified by the noticing party. The deponent and his/her attorney may choose to be in the same location for the deposition, if they conduct themselves consistent with "social distancing protocols", but the deponent is not required to wear any face covering while

giving deposition testimony. As professional legal services have been deemed "essential businesses" and the operation of the court an "essential service", it is the Court's expectation that the deponent and his/her attorney can prepare for the deposition consistent with "social distancing protocols".

        **c.** All communications with the deponent during the deposition shall be on the record, other than communications between the deponent and his/her attorney of record during breaks. During the deposition there shall not be direct or indirect electronic communications with the deponent, including but not limited to text, email, chat, instant message, etc.

        **d.** If the notice of deposition or subpoena includes a request for production of documents at any oral deposition, such documents shall be produced electronically by the deponent to counsel for all parties at least three (3) business days before the deposition date, unless otherwise agreed by counsel for the parties and for the deponent in writing.

        7.    **Remote Appearances.** All appearances for informal discovery conferences, case management conferences, law and motion and other hearings shall be conducted remotely on a media platform the Court will designate when it schedules a hearing.

        8.    **Informal Discovery Conferences.**

        **a.** Pursuant to Code of Civil Procedure Section 2016.080 and the Court's Complex Guidelines, no party may move to compel discovery, or file any other discovery motion, including any motion for non-remote deposition, until the parties have had an informal discovery conference with the Court. Counsel must have exhausted all meet and confer obligations before the informal discovery conference. To request an informal discovery conference, counsel should contact the Complex Coordinator by email, which must be contemporaneously copied to counsel for all parties to the action. Pursuant to Code of Civil Procedure Section 2016.080(c)(2), the time for bringing any motion to compel is tolled starting on the date a party makes the email request for an informal discovery conference to the Court.

        **b.** If the discovery dispute is not resolved following the discovery conference, any party may proceed to file a motion. Any such motion must be filed within ten (10) court days of the conference, or within the 45-day statutory time, whichever date is later, unless otherwise

1   specifically ordered by the Court.

2       **c.** The procedures outlined above apply to parties.  With regard to discovery
3   disputes with non-parties, the non-parties may elect to participate in this procedure, but are not
4   required to do so.

5       **9.**    **Case Management Conferences.**  Any party who believes their case warrants a
6   case management conference earlier than currently set is encouraged to contact the Complex
7   Coordinator by email to secure an earlier case management conference, including any disputes
8   regarding briefing schedules or deadlines due to emergency court "holidays."

9       **10.**    **Law and Motion in Complex Civil Cases.**  No supplemental briefing will be
10  allowed, except as specifically ordered by the Court, on motions originally set for hearing
11  between March 17, 2020 and May 29, 2020, which have been fully briefed and continued to a
12  new date. In all other matters previously filed but not fully briefed, counsel shall meet and confer
13  and agree on a stipulation and proposed order for a new briefing schedule that provides that all
14  papers on the motion are filed at least 14 calendar days in advance of the continued hearing date.

15      **11.**    **Trials.**  All trials, and related Mandatory Settlement Conferences and Pre-trial
16  Conferences, originally scheduled between March 17, 2020 and July 30, 2020 are hereby vacated
17  and will be re-scheduled to a Trial Setting Conference.

18      **12.**    **Pre-trial Deadlines.**  In any case in which the trial originally scheduled between
19  March 17, 2020 and July 30, 2020 was continued or vacated, all pre-trial deadlines will track the
20  new trial date, absent a showing of good cause.

21      **13.**    **Five-Year Dismissal (C.C.P. § 583.310).**  In any case in which the initial
22  complaint was filed on or before May 1, 2016, the parties are ordered to meet and confer on the
23  subject of the date on which the five-year period in Code of Civil Procedure Section 583.310
24  ends, including consideration of any stays, whether directly ordered or automatic.  If the parties
25  agree on that date, they shall submit a stipulation and proposed order setting forth the agreed-
26  upon date.  If the parties cannot agree on that date, they shall file within thirty (30) days of the
27  date of this order a joint statement of no greater than five (5) pages setting forth each party's
28  position as to the relevant date and the reasons therefor.

1    **14.    Three-Year Limitation for New Trial (C.C.P. § 583.320).**  In any case where a

2   mistrial was granted or new trial granted prior to May 1, 2018, and no new trial date is presently

3   set, the parties are ordered to meet and confer on the subject of the date on which the three-year

4   period in Code of Civil Procedure Section 583.320 ends, including consideration of any stays,

5   whether directly ordered or automatic.  If the parties agree on that date, they shall submit a

6   stipulation and proposed order setting forth the agreed-upon date.  If the parties cannot agree on

7   that date, they shall file within thirty (30) days of the date of this order a joint statement of no

8   greater than five (5) pages setting forth each party's position as to the relevant date and the

9   reasons therefor.

10

11          THIS ORDER IS EFFECTIVE IMMEDIATELY.

12

13   Dated: May 6, 2020

14                                              Presiding Judge Deborah A. Ryan
                                                Santa Clara County Superior Court

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jonathan Melmed (SBN 290218)
Melmed Law Group P.C.
1801 Century Park East, Suite 850
Los Angeles, CA 90067

TELEPHONE NO.: (310) 824-3828   FAX NO. *(Optional):* (310) 862-6851
ATTORNEY FOR *(Name):* Plaintiff Jorge Ruiz Quezada

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Courthouse (DTS)

**FOR COURT USE ONLY**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/20/2020 1:22 PM
Reviewed By: R. Walker
Case #20CV373449
Envelope: 5339000**

CASE NAME:
Quezada v. C & W Facility Services Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **20CV373449**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 9
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 20, 2020

Jonathan Melmed
(TYPE OR PRINT NAME)

*Jonathan Melmed*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form |    | Save this form |    | Clear this form |

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE

# 20CV373449

**Superior Court of California, County of Santa Clara**    CASE NUMBER: _____
**191 North First St., San José, CA 95113**

---

### PLEASE READ THIS ENTIRE FORM

---

***PLAINTIFF*** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

***DEFENDANT*** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint*, *using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:***  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):***  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.***  You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is:  **Hon. Patricia M. Lucas**    Department: **3**

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
                    Date: **3/10/21**  Time: **2:30 pm**    in Department: **3**

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
                    Date: _____  Time: _____  in Department: _____

---

***ALTERNATIVE DISPUTE RESOLUTION (ADR):***  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Reset Form

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/30/2020 10:42 AM
Reviewed By: R. Walker
Case #20CV373449
Envelope: 5374547

TO:    FILE COPY

RE:              **Quezada v. C&W Facility Services Inc.**
CASE NUMBER:    **20CV373449**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
## AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **JORGE RUIZ QUEZADA** ("Plaintiff"), et al. in the Superior Court of California, County of Santa Clara, on **November 20, 2020** and assigned to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas**   presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **JORGE RUIZ QUEZADA**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **March 10, 2021 at 2:30 p.m. in Department 3** and all counsel are ordered to attend by **CourtCall**.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1.  Issues related to recusal or disqualification;
2.  Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law; .

Updated on 7/30/20.

1

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:
1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: November 29, 2020

_____
Hon. **Patricia M. Lucas**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.